UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
**CENTRAL DIVISION at LEXINGTON**

| | |
|---|---|
| KATHERINE THOMPSON, ) | |
| ) | |
| ) | Civil Action No. 5:09-341-JMH |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| ) | **MEMORANDUM OPINION AND ORDER** |
| CIRCLE K MIDWEST, LLC, *et al.*, ) | |
| ) | |
| Defendants. ) | |

\*\*   \*\*   \*\*   \*\*   \*\*

Upon a review of the Defendants' initial Notice of Removal and Supplemental Notice of Removal [DE 1 and 17], as well as Plaintiff's Complaint, which was originally filed in Jessamine Circuit Court, the Court calls into question its jurisdiction over this matter under 28 U.S.C. § 1332. Neither in these papers nor in any others in the record have Defendants come forward with competent proof to show that it is more likely than not that Plaintiff's claims exceed $75,000.

"The objection that a federal court lacks subject-matter jurisdiction, *see* Fed. Rule Civ. P. 12(b)(1), may be raised by a party, or by a court on its own initiative, at any stage in the litigation even after trial and the entry of judgment." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 506 (2006). Indeed, this Court has "an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any

-1-

party." *Id.* at 514; *see also Freeland v. Liberty Mut. Fire Ins. Co.*, No. 10-3038, __ F.3d ____, 2011 WL 338039 (6th Cir. Feb. 4, 2011). It is with this obligation in mind that the Court undertakes this inquiry at this time.

In her Complaint, Plaintiff avers that she suffered injury due to the negligence of Defendants with respect to the condition of the premises at a filling station owned and operated by Defendants. Specifically, while attempting to fill her vehicle with gasoline from the pump, she, her vehicle, and the surrounding area were doused with gasoline from the nozzle attached to the pump, notwithstanding that she had taken no action to cause the release of gasoline from the nozzle. Attempting to stop the flow of gasoline, Plaintiff "shook the nozzle and hit it against the side of the pump, severely injuring her hands and fingers." [Compl. at ¶9.] While, Plaintiff contends that she "has sustained a serious, painful, permanent, and disabling injury to her arm, hand and fingers, and has endured severe pain and suffering; has incurred hospital and medical expenses; and will incur future hospital and medical expenses; and her power to labor and earn money has been permanently impaired," she does not specify an amount of damages except to demand judgment "in a sum in excess of Four Thousand Dollars ($4,000.00). . . ."[1] [Compl. at ¶ 11 and Prayer for Relief.]

---

[1] Kentucky circuit courts are courts of general jurisdiction, having "original jurisdiction of all justiciable causes not exclusively vested in some other court." KRS § 23A.010.

In their Notice of Removal and Supplemental Notice of Removal and after reciting the litany of damages averred in Plaintiff's Complaint and set forth above, Defendants explain that they believe the amount in controversy required for diversity jurisdiction before this Court is met because:

> The Plaintiff seeks an unspecified amount of money for these alleged damages and it is therefore presumed that the amount in controversy exceeds the sum of $75,000.00, exclusive of interest and costs.

"In cases like the one at hand, 'where the plaintiff seeks to recover some *unspecified* amount that is not self-evidently greater or less than the federal amount-in-controversy requirement,' the defendant must show that it is more likely than not that the plaintiff's claims exceed $75,000." *King v. Household Finance Corp. II,* 593 F.Supp.2d 958, 959 (E.D. Ky. 2009) (emphasis in original). Defendants must come forward with competent proof showing that the amount-in-controversy requirement is satisfied and speculation is not sufficient to meet this burden. *Id.* (holding that defendant offered "mere averments" and not "competent proof" where notice of removal stated only that "in light of the plaintiffs' claims for compensatory damages, punitive damages, and

---

Kentucky district courts have exclusive jurisdiction over civil cases in which the amount in controversy does not exceed four thousand dollars ($4,000), exclusive of interest and costs, meaning that the amount in controversy must exceed $4,000.00 in order for jurisdiction of a civil matter to lie in the circuit court of a given county. *See* KRS §§ 23A.010 and 24A.120.

attorney fees, "it is clear that the amount in controversy threshold is met"). *See also Hackney v. Thibodeaux*, Civil Action No. 10-35-JBC, 2010 WL 1872875, *2 (E.D.Ky. May 10, 2010) (holding that there was no competent evidence of requisite amount in controversy where defendant relied on plaintiff's pleading which sought to recover past and future medical expenses, lost wages, future impairment of the power to earn money, and past and future pain and suffering and mental anguish for injuries which are "serious and permanent in nature.").

In the Notice of Removal, Defendants rely solely on the averments of Plaintiff's Complaint in an attempt to demonstrate the requisite amount-in-controversy, stating only that "it is therefore presumed that the amount in controversy exceeds the sum of $75,000.00, exclusive of interest and costs." This is not enough, and, unless Defendants can offer some competent proof of an amount in controversy which exceeds $75,000, the Court is of the opinion that it lacks jurisdiction over this matter and that the matter should be remanded to Jessamine Circuit Court.

Accordingly and upon the Court's own motion, **IT IS ORDERED** that Defendants shall **SHOW CAUSE** on or before **3:00 p.m., on Monday, February 21, 2011,** why this matter should not be remanded to Jessamine Circuit Court.

This the 16th day of February, 2011.



Signed By:
*Joseph M. Hood*
Senior U.S. District Judge