UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
**CENTRAL DIVISION at LEXINGTON**

| | |
|---|---|
| KATHERINE THOMPSON, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 5:09-341-JMH |
| ) | |
| v. ) | |
| ) | |
| ) | |
| CIRCLE K MIDWEST, LLC, *et al.*, ) | **MEMORANDUM OPINION & ORDER** |
| ) | |
| Defendants. ) | |

\*\*   \*\*   \*\*   \*\*   \*\*

This matter is before the Court on Plaintiff Katherine Thompson's "Motion for Relief Pursuant to FRCP 60.02" [Record No. 39] in which she asks the Court for relief from its Order of March 18, 2011, dismissing her case. Defendants have responded, stating their objections [DE 40]. The Court being adequately advised, her motion will be denied.

Plaintiff's action was commenced on September 24, 2009, in Jessamine Circuit Court and removed to this Court by Defendants on October 19, 2009. At the time of the removal, she was represented by Attorneys David G. Bryant and Kenneth L. Sales. After Defendants filed an Answer, the Court ordered the parties to conduct a conference under Fed. R. Civ. P. 26(f). The parties filed a report of that meeting on January 8, 2010, and the Court entered a scheduling order on January 11, 2010. Plaintiff filed her Initial Disclosures in the record on February 15, 2010. On

-1-

February 16, 2010, Magistrate Judge Wier scheduled a telephonic conference for May 26, 2010. A little over a month after that order was entered, on March 26, 2010, her counsel sought to withdraw by motion. That order was granted on March 30, 2010, and Plaintiff was provided 60 days in which to secure other counsel.

On April 23, 2010, Attorney Robert Riley entered a Notice of Appearance on behalf of Katherine Thompson using the Court's electronic filing system known as CM-ECF.[1] On May 26, 2010, he participated in the telephonic conference conducted by Magistrate Judge Wier during which the initial pretrial conference was set for February 22, 2011, at 1:00 p.m. in Lexington, Kentucky, and the scheduling order was amended in an order entered by the Magistrate Judge on May 26, 2010. Time passed, and Defendants submitted their pretrial compliance to the Court as the pretrial conference approached. Plaintiff submitted nothing and did not appear at the pretrial conference.

Following the February 22, 2011, hearing, Magistrate Judge Wier entered a minute order which advised that Plaintiff's counsel was not present at the hearing and an order recommending that the undersigned enter an order requiring Plaintiff to show cause why her case should not be dismissed for her failure to participate in the proceedings. The undersigned did, in fact, enter an order

---

[1] Of interest, although of little actual bearing on the issue before this Court, his email address is listed on that pleading as rwrpsc@aol.com.

requiring the Plaintiff to show cause in writing no later than March 4, 2011, as to why this action should not be dismissed for want of prosecution. March 4, 2011, came and went, and Plaintiff filed no response. Finally, on March 18, 2011, the Court entered an order dismissing Plaintiffs claims against Defendant without prejudice for failure to prosecute.

Plaintiff now asks the Court to vacate its March 18, 2011, Order, and reinstate her action on the Court's active docket. She argues that such relief is due under "FRCP 60.02," which the Court understands to be a request for relief under Fed. R. Civ. P. 60(a) and 60 (b)(1), because either a clerical mistake or other mistake occurred on the part of the Court or this situation is one in which "mistake, inadvertence, surprise, or excusable neglect" would necessitate relief. She explains that, "[t]hrough no mistake on the part of counsel, no notice was ever received of the any [*sic*] activity in this case subsequent to October 10, 2010[,] and he was given no opportunity to attend this hearing." In support of her argument, she submits the affidavit of Attorney Riley in which he explains that "the address to which the electronic transmission was sent was no longer an active e-mail address for affiant and the Court would have received an error message when an attempt to transmit notice of the newly scheduled hearing to affiant's old e-mail address was made."

First and foremost, the Court rejects Plaintiff's argument

that her case was dismissed because of an error on the part of the Court or the Clerk's office and that relief is due under Fed. R. Civ. P. 60(a). The Order entered by the Court, dismissing her claims without prejudice for failure to prosecute her case and premised on counsel's failure to participate in a scheduled pretrial hearing, accurately reflected the intention of the Court and the facts before it. *See In re Anna Marie Walter*, 282 F.3d 434, 441 (6th Cir. 2002) (holding that court properly acts under Fed. R. Civ. P. 60(a) when it is necessary to correct mistakes or oversights that cause the judgment to fail to reflect what the court intended).

Further to the extent that Plaintiff argues that relief is due under Fed. R. Civ. P. 60(a) because of a mistake on the part of the Clerk's office with respect to maintaining Riley's correct email address for service in this case, her argument is without merit. More to the point, it was Riley's obligation to maintain a current email address at which he could receive service for the parties that he represents in matters before this Court. Plaintiff would have to concede, on the facts before this Court, that her attorney failed to maintain such an address.

Since September 1, 2006, this Court has required that "all cases, proceedings, motions, memoranda of law and other pleadings or documents filed with the court must be filed using the Electronic Case Filing System (ECF System)." *See* Joint General

Order 05-03 of the United States District Court for the Eastern and Western Districts of Kentucky, filed August 8, 2005. By participating in the electronic filing process, which Riley did, he consented to the electronic service of all documents in the cases where he served as counsel and was to make available current and correct electronic mail addresses for service. *See* Joint General Order 11-02 of the Eastern and Western Districts of Kentucky, Amended Electronic Case Filing Administrative Policies and Procedures, ¶¶ 3(b), 4(h), filed July 12, 2011; *see also* Joint General Order 06-01 of the Eastern and Western Districts of Kentucky, Amended Electronic Case Filing Administrative Policies and Procedures, ¶¶ 3(b), 4(h), filed February 8, 2006. All of this is to say that when Riley registered with this Court as a CM-ECF user – well before he entered an appearance in this action – and made available an electronic mail address for service, he consented and agreed to receive service of pleadings and papers by means of the CM-ECF system.[2] Having done so, he then failed to update his

---

[2] According to the Clerk's records, Riley was first issued a log-in and password for the CM-ECF system in the Eastern District of Kentucky on January 10, 2006. When he provided his registration information to the Court, he provided rwrpsc@aol.com as his email address and the log-in and password issued were associated with that email address.

Of interest, Riley listed his email address as rwrpsc@aol.com on his Notice of Appearance in this case on April 23, 2010, only to claim that he did not receive the Order entered by Magistrate Judge Wier a little over one month later, on May 26, 2010. As the Court understands it, his old email account – with which he began this case – was not to be disabled until October 2010, yet he claims he did not receive the pleading. Even so, he did not advise the Court

email address with the Clerk of Court when he changed it.

Plaintiff and Riley suggest that the Clerk's office should have known it had changed because any email received at rwrpsc@aol.com should have received an automated response advising that his address had changed. In this instance, there is no indication that anyone, least of all the Court or the Clerk of Court, received notice that the papers and pleadings in this case were not reaching Riley notwithstanding Riley's purported "Automatic Response" message. Indeed, because Riley set up such a message, it appears that the email address rwrpsc@aol.com still existed, even if Riley did not check the account associated with it. Further, the undersigned is not aware of any notice of failed delivery received by the Clerk's office, perhaps because the email account was not disabled. Even if the Clerk's office had received such an automated response, the Court is not persuaded that it would excuse Riley's failure to maintain his account by updating his email address. Riley had two options: (1) change his email address by logging into CM-ECF and managing his account information there or (2) by writing to the Clerk's office and requesting a change. He did neither.

Particularly troubling is that he did not take the appropriate

---

of his new email address, rwr@rileyandassociateslaw.com, until April 12, 2011, according to the Clerk's records, at which time the Clerk's office updated his CM-ECF account to reflect that change and resent his log-in and password to him at the new email address.

steps to do so even though he participated in a conference during which the schedule for a pretrial conference was discussed and knew that, afterward, he never received an order placing that date in the record. Rather, it took the dismissal of the claims in this action to prompt him to take the proper steps to change the address at which he receives notice from the CM-ECF system, although the Court wonders how he even learned of that happening as he has offered no explanation. The burden was on Riley at all times to keep his service information up-to-date, and his failure to update his address in order to receive service electronically, as he had agreed, cannot be attributed to this Court or the Clerk of this Court.

In other words, Plaintiff's attorney is to blame for the fact that they – both attorney and client – did not receive notice of filings in the record of this case. There was no mistake on the part of the Clerk or the Court, and relief is not available on these facts under Fed. R. Civ. P. 60(a).

What is left, then, is for the Court to determine whether relief is due under Fed. R. Civ. P. 60(b)(1). "[A] Rule 60(b)(1) motion is intended to provide relief in only two situations: (1) when a party has made an excusable mistake or an attorney has acted without authority, or (2) when the judge has made a substantive mistake of law or fact in the final judgment or order." *United States v. Reyes*, 307 F.3d 451, 455 (6th Cir. 2002) (citing *Cacevic*

*v. City of Hazel Park,* 226 F.3d 483, 490 (6th Cir.2000)). In the instant matter, there has been no substantive mistake of law or fact in the final order by the undersigned, nor, arguably, has counsel acted without authority. Clearly, Plaintiff authorized her attorney to receive service for her and to take the steps necessary to receive service on her behalf. The question, then, is whether Riley "made an excusable mistake."

Frankly, Riley has offered no explanation for his failure to change his contact information for electronic service with the Clerk's office by one of the means provided. The fact that he set up an automatic response does not explain why he failed to take the steps required to change his electronic address for service with the Clerk's office – whether by writing to the Clerk's office and requesting that change or by logging in to CM-ECF and updating his account information there. This is hardly "excusable neglect." Further, clients must "be held accountable for the acts and omissions of their chosen counsel." *Id.* at 456 (citing *Allen v. Murph*, 194 F.3d 722, 724 (6th Cir. 1999)). In other words, having selected Riley as her counsel, Plaintiff is accountable for his failure to adequately maintain an address at which he could receive service on her behalf.

The applicable rules permit and, indeed, require service on Riley – and by extension, the Plaintiff – by means of CM-ECF. His failure to update his email address with this Court will not excuse

-8-

his failure to appear or, eventually, respond when ordered to do so by the Court. Nor can his mistake in failing to do so be excused.

Accordingly, **IT IS ORDERED** that Plaintiff Katherine Thompson's "Motion for Relief Pursuant to FRCP 60.02" [Record No. 39] is **DENIED**.

This the 15th day of August, 2011.



Signed By:
*Joseph M. Hood*
Senior U.S. District Judge